UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. FOX, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-2045 MCE AC P<br><br><br>ORDER |

**I.      Introduction**

Plaintiff is a California state prisoner who proceeds pro se with an application to proceed in forma pauperis and a civil rights complaint filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the court grants plaintiff's request to proceed in forma pauperis, finds that the complaint fails to state a claim and is not suitable for service, and grants leave to file a First Amended Complaint.

**II.      In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

////

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's Complaint

#### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B.     The Complaint

Plaintiff sets forth four putative claims, each premised on a different disciplinary finding and asserting the denial of plaintiff's Eighth and Fourteenth Amendment rights. Each claim is asserted against a different defendant. All of the challenged incidents took place during plaintiff's prior incarceration at California State Prison Solano (CSP-SOL). Plaintiff alleges that each of the challenged Rule Violation Reports (RVRs) reflects false charges and improperly resulted in lengthening plaintiff's life prison term due to the forfeiture of time credits and deferred consideration for parole, causing plaintiff significant mental stress and anguish. Plaintiff has submitted Third Level Decisions addressing each of the challenged RVRS, demonstrating the administrative exhaustion of his claims. Plaintiff seeks, inter alia, declaratory relief, compensatory and punitive damages, and the expungement of the challenged RVRs from his prison file.

The first RVR charged plaintiff with "Introduction of a Controlled Substance for Distribution" on August 5, 2012, initially resulting in plaintiff's transfer to Administrative Segregation (Ad Seg) and requiring that he participate in a "potty watch" contraband search. Plaintiff alleges that defendant Correctional Officer K. Fox, in conspiracy with non-defendant officers Swetland and Slaughter, planted controlled substances on or near plaintiff while he was exiting the prison visiting room and again shortly thereafter when housed in Ad Seg. Plaintiff was charged and found guilty two months later. Plaintiff alleges that his request for a DNA test,

which he sought in an effort to refute Fox's claim that he had held the controlled substance(s) in his mouth, was denied. Plaintiff alleges that defendant Fox "caused and directed" "this entire scenario" based on his "personal dislike for plaintiff." ECF No. 1 at 5.

The second RVR charged plaintiff with "Willfully Delaying a Peace Officer in the Performance of his Duties" on July 12, 2013. During an authorized outdoor religious prayer meeting, the yard was ordered "down" for an emergency. Several prisoners failed to get down and/or stood up prematurely. When prisoners were instructed to leave the yard, photos were taken of the suspected perpetrators and their ID cards were confiscated. Plaintiff alleges that defendant Correctional Officer J. Wartson erred in identifying plaintiff as one of the perpetrators, and that the finding of plaintiff's guilt on this charge was improperly based on a "generalized sweep" unsupported by sufficient evidence. Plaintiff relies on Wartson's statement at plaintiff's disciplinary hearing: "[W]hen defendant was asked if he saw plaintiff stand up, he responded that he could not see the prisoners in the back." ECF No. 1 at 7. Plaintiff also contends that he was denied an investigative employee (IE) "to gather the facts for the RVR hearing." Id. at 6.

The third RVR charged plaintiff with "Conspiracy to Introduce a Controlled Substance into an Institution" on February 11, 2014. Plaintiff alleges that defendant Correctional Officer D. Letourneau falsely accused plaintiff "due to some baseless notes that were found by prison guard Fox in plaintiff's cell" on November 7, 2013, based on an ongoing investigation. ECF No. 1 at 8-9. Plaintiff alleges that the content of the notes was not disclosed to him, preventing him from preparing an adequate defense, and demonstrating that the resulting guilt finding failed to meet the "some evidence" standard. Id. at 9.

The fourth RVR charged plaintiff with "Delaying a Peace Officer in the Performance of his Duties" on June 11, 2014, based on plaintiff's alleged refusal to accept a cellmate while housed in Ad Seg. Plaintiff states that he signed the required compatibility form but "added a notation of disagreement and duress" because the proposed cellmate was a "known cell aggressor." ECF No. 1 at 11. Plaintiff alleges that defendant Lieutenant A. Scotland threatened him with an RVR if plaintiff did not cooperate, conspired with others to issue the RVR, then presided over plaintiff's hearing and followed up with his threatened guilt finding, while denying

plaintiff's requests for a copy of the completed compatibility form and the presentation of a witness.

In conclusion, plaintiff alleges:

> The actions of Defendants Fox, Wartson, Letourneau and Scotland, to falsely frame Plaintiff for drugs, get-down refusal, conspiracy and cell-mate refusal, with Rules Violations Reports for each, were imposed maliciously and for the purpose of causing Plaintiff to suffer mental stress and anguish regarding his Parole Board hearings and a longer term in prison. These actions violated Plaintiff's rights to procedural due process and constituted cruel and unusual punishment under the United States Constitution.

ECF No. 1 at 12.

Plaintiff seeks "general, special and punitive damages" in the amount of $5000 from each defendant; "injunctive relief for the four RVRs to be vacated and expunged from plaintiff's prison files and records;" "declaratory relief which sets forth the rights and responsibilities of the parties;" "appointment of counsel and reasonable attorney fees;" and "such other relief as the court deems just and proper." Id. (with minor edits).

## C.     Governing Legal Princples

Plaintiff's claims are appropriately brought under 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus under 28 U.S.C. § 2254. If plaintiff were to prevail on his claims and requested relief, such success would not necessarily lead to his immediate or earlier release from confinement, and therefore do not lie at the core of habeas. See Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (en banc) (construing Supreme Court precedent), cert. denied, 137 S. Ct. 645 (2017). As the Ninth Circuit has explained:

> Success on the merits of [petitioner's] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole. Under California law, the parole board must consider "[a]ll relevant, reliable information" in determining suitability for parole. Cal. Code Regs. tit. 15, § 2281(b). A rules violation is merely one of the factors shedding light on whether a prisoner "constitutes a current threat to public safety," In re Lawrence, 44 Cal. 4th 1181 [] (2008). Because the parole board has the authority to deny parole "on the basis of any of the grounds presently available to it," Ramirez [v. Galaza], 334 F.3d [850] at 859 [9th Cir. 2003], the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole.

Nettles, 830 F.3d at 934-35. This case falls under the Nettles rule despite plaintiff's allegation that his length of custody has been increased, because absent the subject RVRs plaintiff would not necessarily be granted parole.

Convicted prisoners charged with prison rule infractions are entitled only to limited procedural due process protections under the Fourteenth Amendment. "Where a prison disciplinary hearing may result in the loss of good time credits . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)). The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Wolff, 418 U.S. at 571. Additionally, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Hill, 472 U.S. at 455.[1]

"The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991) (citation omitted). To state an Eighth Amendment claim against a specific defendant, a prisoner must plausibly "make two showings. First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation. Second, the plaintiff must make a 'subjective' showing that the prison official acted 'with a sufficiently culpable state of mind.'" Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Wilson at 298).

---

[1] "In Superintendent v. Hill, 472 U.S. 445, 455-56 [] (1985), the Supreme Court held that revocation of good time credits requires only a 'modicum of evidence' to support the prison's decision. Accordingly, due process requirements are satisfied if there is 'some evidence from which the conclusion of the administrative tribunal could be deduced.' Id. at 455 []. 'Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.' Id. at 455-56 []." Lane v. Salazar, 911 F.3d 942, 951 (9th Cir. 2018), cert. denied, 140 S. Ct. 167 (2019).

However, a prisoner's "claims based on the falsity of the charges and the impropriety of [the prison official's] involvement in the grievance procedure, standing alone, do not state constitutional claims." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (citing Freeman v. Rideout, 808 F.2d 949, 951-52 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  The plaintiff, as all other prison inmates, has the right not to be deprived of a protected liberty interest without due process of law.").  Thus, district courts within this Circuit have routinely found that prisoners cannot state an Eighth Amendment claim premised only on the alleged fact of a false disciplinary charge or conviction.  See e.g. Hutchinson v. Infante, 2017 WL 1709474, at *2-3, 2017 U.S. Dist. LEXIS 67714 (E.D. Cal. May 3, 2017) (Case No. 2:16-cv-0114 KJM AC P) (collecting cases); accord, Richardson v. Tuman, 2019 WL 669569, at *9, 2019 U.S. Dist. LEXIS 26178 (E.D. Cal. Feb. 19, 2019) (Case No. 1:18-cv-01166 EPG PC).

A false disciplinary charge or conviction may be challenged on procedural due process grounds, as set forth above, or as an element of a First Amendment retaliation claim.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).

The alleged adverse action in a retaliation claim need not, in itself, violate the inmate's constitutional rights.  Rather, the interest asserted in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive.  See Pratt v. Rowland, 65 F.3d 802, 806 (1995) (adverse action need not reflect an "independent constitutional interest"); Hines v. Gomez, 108 F.3d 265, 268 (9th Cir.1997) (alleged adverse action was filing of disciplinary report in retaliation for prisoner's use of the grievance system); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (alleged adverse action was transfer of prisoner to a different prison); see also Watison v. Carter, 668 F.3d 1108, 1114-16 (9th Cir. 2012) (alleged adverse

7

actions of filing a false disciplinary charge, placing plaintiff in administrative segregation, and lying to the parole board were "more than minimal" harms that would have chilled or silenced a person of ordinary firmness).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 568, n.11).  However, not every allegedly adverse action will support a retaliation claim; there must be some nexus between the protected conduct and alleged adverse action.  See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on "the logical fallacy of post hoc, ergo propter hoc, literally, 'after this, therefore because of this'") (citation omitted).

### D. Failure to State a Claim

In light of the legal authority set forth above, plaintiff's allegations that the challenged RVRs rest on false charges, contrived evidence or insufficient evidence do not state cognizable due process claims.  See Sprouse, supra, 870 F.2d at 452; Freeman, supra, 808 F.2d at 951; see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections . . . are provided."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999).

Plaintiff's specific challenges to the disciplinary hearing procedures fail to state a cognizable claim as framed.  Decisions concerning a prisoner's access to evidence, tests of evidence, witnesses and assignment of an IE are subject to the discretion of the hearing officer and panel.  A prisoner's due process rights must be balanced with the requirement that prison officials "have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence."  Wolff, 418 U.S. at 566.  Additionally, assistance "in the form of help from the staff or from a sufficiently competent inmate designated by the staff" is available only when the prisoner is illiterate or the

8

issue is particularly complex. Id. at 570. Reliance on reliable confidential information is permitted. Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir. 1987). The complaint does not identify any violations of these minimal constitutional standards.

Plaintiff's additional specific allegations against defendants Fox and Scotland are also inadequate to state a cognizable claim. Plaintiff alleges that Fox, inspired by his "dislike" for plaintiff, conspired with other officials to manufacture false evidence against him. This allegation cannot state a retaliation claim without facts demonstrating that Fox's "dislike" of plaintiff was in response to plaintiff's exercise of his First Amendment rights. Nor do the allegations against Fox state a conspiracy claim, which requires allegations of more than one defendant acting in concert.[2] Similarly, plaintiff does not state a retaliation claim against defendant Scotland on the present allegations that Scotland threatened to issue an RVR and pursue a guilt finding against plaintiff if he did not sign the cellmate compatibility form, followed through by issuing an RVR, then presided over plaintiff's disciplinary hearing and rendered the threatened guilt finding. No First Amendment rights attach to a cellmate compatibility form or the objections plaintiff wrote on the form.

However, it may be possible for plaintiff to state a cognizable due process claim against Scotland if plaintiff can plausibly allege facts demonstrating that Scotland was not impartial when he presided over the subject disciplinary hearing; that is, that Scotland's exercise of his authority presented "a hazard of arbitrary decisionmaking" in violation of plaintiff's due process rights. Wolff, 418 U.S. at 571.

---

[2] A conspiracy claim made pursuant to Section 1983 requires allegations of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (citation and internal quotation marks omitted), as well as an "actual deprivation of constitutional rights resulting from the alleged conspiracy," Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (citation and internal quotation marks omitted). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (citation and internal quotation marks omitted). To state a cognizable conspiracy claim, plaintiff must show "that the defendants conspired or acted jointly or in concert and that some overt act must have been done in furtherance of the conspiracy." Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974) (citation omitted).

Although it presently appears unlikely that plaintiff can cure any of these pleading defects, he will be granted leave to file an amended complaint that comports with the legal standards set forth herein.

### IV. Leave to File a First Amended Complaint

Because the allegations of plaintiff's complaint fail to state a cognizable claim, the court will not direct service of the complaint on any defendant. However, plaintiff will be granted the opportunity to file a First Amended Complaint (FAC). If plaintiff chooses to file a FAC, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must allege in specific terms how each named defendant is involved. Arnold v. IBM Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between an individual defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). If plaintiff files a FAC, the original complaint no longer serves any purpose. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary of this Order for Pro Se Plaintiff

You have been granted leave to proceed in forma pauperis in this action and will pay the filing fee over time with automatic deductions from your prison trust account.

The court has screened your complaint, and finds that it does not present facts that could entitle you to relief. For that reason, the complaint will not be served on any defendant.

You may file a First Amended Complaint (FAC) that tries to fix the problems the court has identified. Keep in mind that RVR hearings and results can only be challenged on very limited grounds that are explained in this order. Allegations against each specific defendant must clearly link the that person to the denial of your rights.

If you choose to file a FAC, you must do so within forty-five (45) days after the filing date of this order. A FAC must include all of the claims you want to pursue, because the court will not look at the claims or information in the original complaint. Any claims not in the FAC will not be considered. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

**VI.    Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, has been screened pursuant to 28 U.S.C. § 1915A and found not to state a claim;

4. Plaintiff is granted leave to file a First Amended Complaint (FAC), on the form provided herewith, within forty-five (45) days after the filing date of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

DATED: April 28, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE